NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

HAMMAD MOHAMED AMER, M.D., FATMA AMER, and
BANNER HEALTH, *Petitioners*,

v.

THE HONORABLE DAVID TALAMANTE, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge*,

STARR PALMER, *Real Party in Interest*.

No. 1 CA-SA 18-0274
FILED 3-7-2019

---

Appeal from the Superior Court in Maricopa County
No. CV2016-094573
The Honorable David Talamante, Judge *Retired*

**JURISDICTION ACCEPTED; PARTIAL RELIEF GRANTED**

---

COUNSEL

Jones, Skelton & Hochuli, P.L.C., Phoenix
By Eileen Dennis GilBride
*Co-Counsel for Petitioners*

Slattery Petersen PLLC, Phoenix
By Elizabeth A. Petersen
*Co-Counsel for Petitioners*

Udall Shumway, PLC, Mesa
By H. Michael Wright, Jason C. Chapman, Fletcher R. Carpenter,
Lincoln Wright
*Co-Counsel for Real Party in Interest*

Davis Miles McGuire Gardner, PLLC, Tempe
By Kevin P. Fine
*Co-Counsel for Real Party in Interest*

---

## MEMORANDUM DECISION

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Kent E. Cattani and Judge James P. Beene joined.

---

**W E I N Z W E I G**, Judge:

**¶1**　　　　Banner Health and Dr. Hammad Mohamed Amer (collectively, "Petitioners") seek special action relief from the superior court's December 6, 2018 order (1) precluding ex parte communications between Banner and its employees and (2) requiring Banner to disclose all information obtained via ex parte communications with trial witnesses to be used at trial. We accept jurisdiction and grant partial relief.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　This special action arose from a medical malpractice lawsuit. Plaintiff Starr Palmer alleges that Dr. Amer's negligence caused her left forearm to be amputated. She sued Dr. Amer and Banner Health. Dr. Amer is a physician and employee of Banner Health. During discovery, Banner's counsel learned that Palmer's counsel had ex parte contact about the lawsuit with Dr. Jessica Regnaert, another Banner employee and Palmer's primary care physician. Banner's counsel warned Palmer's counsel to immediately stop all ex parte communications with Banner employees. Palmer's counsel later argued the inverse position—that *only* Palmer could have ex parte contact with Dr. Regnaert pursuant to the physician-client privilege.

**¶3**　　　　This disagreement resulted in dueling motions to preclude ex parte communication with Dr. Regnaert. In a minute entry dated December 6, 2018, the superior court ruled for Palmer on two issues raised in this special action. As relevant here, the court's order (1) prohibited Banner from having ex parte communications with any "witnesses [who] have a

physician-patient privilege relationship with Plaintiff," including Banner employees such as Dr. Regnaert, and (2) required Banner to disclose all information obtained via ex parte communications with "any trial witness that is intended for use at trial."

¶4        Petitioners moved to stay the lawsuit pending a special action, which the superior court denied. In denying the stay, however, the court clarified that it "has not ordered the disclosure of confidential information. The order is limited to information that is intended for use at trial. The intent to use at trial requires a waiver of the privilege." Petitioners then sought special action relief and a stay of proceedings by petition in this court. After staying the lawsuit on December 12, 2018, we accepted jurisdiction and granted relief on January 4, 2019. We also lifted the stay and promised a written decision to follow. This is that decision.

## JURISDICTION

¶5        We accept special action jurisdiction because Petitioners lack an equally plain, speedy and adequate remedy by appeal. *Salvation Army v. Bryson*, 229 Ariz. 204, 205, ¶ 1 (App. 2012).

## DISCUSSION

¶6        Petitioners first challenge the superior court's order preventing Banner's counsel from having ex parte communications with Banner physician-employees about the lawsuit. We review the court's decision for an abuse of discretion. *Id*. at 207, ¶ 8.

¶7        Petitioners argue the order is "legally erroneous," pointing to *Phoenix Children's Hospital v. Grant*, 228 Ariz. 235 (App. 2011), as controlling and dispositive. *Grant* held that counsel for a hospital defendant in a medical malpractice lawsuit may have private, confidential communications with treating physicians who are hospital employees if their care is relevant to plaintiff's claims. *Grant*, 228 Ariz. at 239-40, ¶¶ 15, 19. The filing of a medical malpractice lawsuit does not expand the physician-patient privilege to bar communications that are otherwise allowed under the employment relationship. *Id*. at 239, ¶ 15. Palmer concedes that *Grant* applies here on its face, but argues we should "either overrule" *Grant* because it conflicts with *Duquette v. Superior Court*, 161 Ariz. 269 (App. 1989), or "narrow the holding in *Grant* by declaring that it applies only to those employees who were involved or had first[-]hand knowledge of the tortious event."

¶8         *Grant* controls here.[1]  Banner's counsel cannot be prevented from having private communications with Dr. Regnaert about the lawsuit. *Grant* authorizes ex parte communication between Banner and all Banner employees who have relevant testimony to "the injuries at issue in the lawsuit."  228 Ariz. at 240, ¶ 19.  Dr. Regnaert evaluated and treated Palmer for "phantom limb  pain" shortly after the limb was amputated and has been Palmer's primary care physician since 2014.  Petitioners have thus identified Dr. Regnaert as a material witness from the outset, including in their initial disclosure statement.  Petitioners assert Dr. Regnaert has important information regarding their affirmative defenses, including contributory negligence and causation, and for damages and life expectancy.  Indeed, Palmer herself identified Dr. Regnaert as a trial witness and expert witness in her September 28, 2018 disclosure statement. And, in motion practice below, Palmer conceded that "Dr. Regnaert's treatment of Plaintiff spanning 2014 to the present makes her a potential witness concerning Plaintiff's damages; her treatment provides some foundation for projected care needs of ongoing and future damages for this permanent loss."

¶9         We grant special action relief on Petitioners' first argument, reversing the superior court's order prohibiting ex parte communication between Banner and its employees.  Banner and its counsel may engage in ex parte communications with Dr. Regnaert, a Banner physician and employee, about the lawsuit.

¶10         Petitioners next challenge the superior court's order that Banner immediately produce all information learned via ex parte communications with trial witnesses.  Petitioners interpret the court's directive as requiring disclosure of information that Banner employees

---

[1]         *Duquette* holds that defense counsel in a medical malpractice case may not engage in ex parte communications with the plaintiff's treating physicians without having obtained the plaintiff's consent. 161 Ariz. at 277. But *Grant* distinguishes itself from *Duquette*, defeating Plaintiff's argument that *Grant* must be overruled because it conflicts with *Duquette*.  *Grant*, 228 Ariz. at 239, ¶¶ 13-15 ("[W]e conclude that *Duquette* does not apply to treating physicians who are employees of a corporate defendant that is itself a defendant in a medical malpractice action.").  And we see no reason, under the facts of this case, to narrow the *Grant* court's holding, which is premised on the employer-employee relationship and patient expectations. *Id.* at 239, ¶¶ 16-17.

conveyed to Banner attorneys, which is protected under the attorney-client privilege.

**¶11**    We do not, however, interpret the court's December 6 order to compel disclosure of information protected by the attorney-client privilege. The court directed "the parties [to] disclose all information obtained through ex-parte communication with any trial witness that is intended for use at trial," and later clarified the order was "limited to information that is intended for use at trial," rather than "the disclosure of confidential information."  We read the order to require that the parties satisfy their standard disclosure obligations under the Arizona Rules of Civil Procedure, including Rule 26.1(a)(3), which requires the disclosure of "a description of the substance—and not merely the subject matter—of the testimony sufficient to fairly inform the other parties of each witness' expected testimony."  Banner waives any privilege for information it intends to elicit from its physician-employee at trial. *Robert W. Baird & Co. v. Whitten*, 244 Ariz. 121, 127, ¶ 17 (App. 2017) (waiver of attorney-client privilege occurs only when the party seeks to use protected information as both sword and shield).  We deny special action relief on Petitioners' second argument.[2]

**CONCLUSION**

**¶12**    We accept jurisdiction and grant partial relief as set forth above.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[2]    Given our holding, we need not reach Palmer's argument regarding the constitutionality of A.R.S. § 12-2234.